Nicholas R. Kloeppel, SBN 186165
THE MITCHELL LAW FIRM, LLP
Attorneys at Law
426 First Street
P. O. Drawer 1008
Eureka, CA  95502
Tel:  (707) 443-5643
Fax: (707) 444-9586
Email: nkloeppel@mitchelllawfirm.com

Attorneys for Defendants
COUNTY OF HUMBOLDT, CONAN MOORE, HUMBOLDT DEPUTY MENDES

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GAMMARIELLO,<br><br>  Plaintiff,<br><br>  v.<br><br>CONAN MOORE, HUMBOLDT DEPUTY MENDES, and HUMBOLDT COUNTY,<br><br>  Defendants. | Case No.: 20-cv-02583-RMI<br><br>**AMENDED ANSWER OF DEFENDANTS COUNTY OF HUMBOLDT, CONAN MOORE, AND HUMBOLDT DEPUTY MENDES, TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants COUNTY OF HUMBOLDT, CONAN MOORE, and TRAVIS MENDES (sued herein as HUMBOLDT DEPUTY MENDES), separating themselves from all other defendants, answer the Complaint on file herein as follows:

**JURISDICTION AND VENUE**

1. In response to paragraphs 1 through 3 of the Complaint, the answering defendants admit that plaintiff has alleged claims under state law and section 1983, and further admits that federal law jurisdiction are proper under the cited statutes, but deny that plaintiff states a plausible claim under any of the said statutes. Further responding,

1 defendants lack sufficient information or knowledge to respond to the remaining allegations of these paragraphs, and on this basis generally and specifically deny said allegations.

2. In response to paragraph 4 of the Complaint, the answering defendants admit that venue is proper in the United States District Court for the Northern District of California.

**PARTIES**

3. In response to paragraph 5 of the Complaint, the answering defendants lack sufficient information or knowledge to respond to the allegations of this paragraph, and on this basis deny the allegations in said paragraph.

4. In response to paragraphs 6 and 7 of the Complaint, the answering defendants admit that defendants Conan Moore and Travis Mendes were at all times relevant deputies with the Humboldt County Sheriff's Department and that the acts which are the subject of this lawsuit were undertaken in the regular course and scope of their employment.

5. In response to paragraph 8 of the Complaint, the answering defendants admit that plaintiff has only sued the County for vicarious liability under the Bane Act.

**FACTUAL BACKGROUND**

6. In response to paragraphs 9-10 of the Complaint, the answering defendants deny the allegations in said paragraphs.

7. In response to paragraph 11 of the Complaint, the answering defendants cannot confirm the alleged Exhibit A, as no Exhibit A is attached to the complaint, and on that basis denies it. Further responding, the answering defendants lack sufficient information or knowledge to respond to the allegations of this paragraph, and on this basis deny the allegations.

8. In response to paragraph 12 of the Complaint, the answering defendants

1  lack sufficient information to respond to the allegations of this paragraph, and on this
2  basis generally and specifically deny the allegations.

3      9.    In response to paragraph 13 of the Complaint, the answering defendants
4  admit that plaintiff was arrested on June 17, 2019. Further responding, the answering
5  defendants deny that plaintiff was arrested on public land. Further responding,
6  responding defendants lack sufficient information to respond to the remaining
7  allegations of this paragraph, and on this basis generally and specifically deny the
8  remaining allegations.

9      10.    In response to paragraph 14 of the Complaint, the answering defendants
10 lack sufficient information to respond to the allegations of this paragraph, and on this
11 basis generally and specifically deny the allegations.

12     11.    In response to paragraph 15 of the Complaint, the answering defendants
13 lack sufficient information to respond to the allegations of this paragraph, and on this
14 basis generally and specifically deny the allegations.

15     12.    In response to paragraph 16 of the Complaint, the answering defendants
16 lack sufficient information to respond to the allegations of this paragraph, and on this
17 basis generally and specifically deny the allegations.

18     13.    In response to paragraph 17 of the Complaint, answering defendants admit
19 that defendants Deputy Mendes and Deputy Moore were dispatched on June 17, 2019, at
20 approximately 0330 hours, to respond to a call at Humboldt Redwood Company's
21 property on Monument Road in Rio Dell, California. Further responding, the answering
22 defendants lack sufficient information to respond to the remaining allegations of this
23 paragraph, and on this basis generally and specifically deny the allegations.

24     14.    In response to paragraph 18 of the Complaint, the answering defendants
25 deny the allegations in said paragraph.

26     15.    In response to paragraph 19 of the Complaint, the answering defendants

THE MITCHELL LAW FIRM, LLP
426 First Street
P.O. Drawer 1008
Eureka, CA 95502

1 deny the allegations in said paragraph.

2     16.    In response to paragraph 20 of the Complaint, the answering defendants
3 deny the allegations in said paragraph.

4     17.    In response to paragraph 21 of the Complaint, the answering defendants
5 deny the allegations in said paragraph.

6     18.    In response to paragraph 22 of the Complaint, the answering defendants
7 admit that other arrests were made contemporaneously with the subject incident, but
8 deny the remaining allegations in said paragraph.

9     19.    In response to paragraph 23 of the Complaint, the answering defendants
10 deny the allegations in said paragraph.

11     20.    In response to paragraph 24 of the Complaint, the answering defendants
12 lack sufficient information to respond to the allegations of this paragraph, and on this
13 basis generally and specifically deny the allegations.

14     21.    In response to paragraph 25 of the Complaint, the answering defendants
15 deny the allegations in said paragraph.

16     22.    In response to paragraph 26 of the Complaint, the answering defendants
17 lack sufficient information to respond to the allegations of this paragraph, and on this
18 basis generally and specifically deny the allegations.

19     23.    In response to paragraph 27 of the Complaint, the answering defendants
20 lack sufficient information to respond to the allegations of this paragraph, and on this
21 basis generally and specifically deny the allegations.

22     24.    In response to paragraph 28 of the Complaint, the answering defendants
23 deny the allegations in said paragraph.

24     25.    In response to paragraph 29 of the Complaint, the answering defendants
25 lack sufficient information to respond to the allegations of this paragraph, and on this
26 basis generally and specifically deny the allegations.

26. In response to paragraphs 30 and 31 of the Complaint, the answering defendants deny the allegations in said paragraphs.

27. In response to paragraph 32 of the Complaint, the answering defendants admit that plaintiff is entitled to a jury trial.

# FIRST CAUSE OF ACTION
**Violation of Constitutional Right to Substantive Due Process
Excessive Force - Seizure
(42 U.S.C. § 1983, Fourth and Fourteenth Amendments to the U.S. Constitution)
(Individual Defendants)**

28. In response to paragraph 33 of the Complaint, the answering defendants incorporate by reference each of their previous responses set forth in paragraphs 1 through 27 herein.

29. In response to paragraph 34 of the Complaint, the answering defendants deny the allegations in said paragraph.

30. In response to paragraph 35 of the Complaint, the answering defendants deny the allegations in said paragraph.

31. In response to paragraph 36 of the Complaint, the answering defendants deny the allegations in said paragraph.

32. In response to paragraph 37 of the Complaint, the answering defendants deny the allegations in said paragraph.

33. In response to paragraph 38 of the Complaint, the answering defendants deny the allegations in said paragraph.

34. In response to paragraph 39 of the Complaint, the answering defendants lack sufficient information to respond to the allegations of this paragraph, and on this basis generally and specifically deny the allegations.

35. In response to paragraph 40 of the Complaint, the answering defendants admit that plaintiff is entitled to a jury trial.

## SECOND CAUSE OF ACTION
**Violation of Constitutional Right to Substantive Due Process False Arrest and Imprisonment – Seizure**
**(42 U.S.C. § 1983, Fourth and Fourteenth Amendments to the U.S. Constitution)**
**(Individual Defendants)**

36. In response to paragraph 41 of the Complaint, the answering defendants incorporate by reference each of their previous responses set forth in paragraphs 1 through 35 herein.

37. In response to paragraph 42 of the Complaint, the answering defendants deny the allegations in said paragraph.

38. In response to paragraph 43 of the Complaint, the answering defendants deny the allegations in said paragraph.

39. In response to paragraph 44 of the Complaint, the answering defendants deny the allegations in said paragraph.

40. In response to paragraph 45 of the Complaint, the answering defendants lack sufficient information to respond to the allegations of this paragraph, and on this basis generally and specifically deny the allegations.

41. In response to paragraph 46 of the Complaint, the answering defendants admit that plaintiff is entitled to a jury trial.

## THIRD CAUSE OF ACTION
**Malicious Prosecution in Violation of 42 U.S.C. § 1983**
**(Fourth and Fourteenth Amendments)**
**(Individual Defendants)**

42. In response to paragraph 47 of the Complaint, the answering defendants incorporate by reference each of their previous responses set forth in paragraphs 1 through 41 herein.

43. In response to paragraph 48, and each subparagraph (a) – (b) thereof, of the Complaint, the answering defendants deny the allegations in said paragraph.

44. In response to paragraph 49 of the Complaint, the answering defendants deny the allegations in said paragraph.

45. In response to paragraph 50 of the Complaint, the answering defendants deny the allegations in said paragraph.

46. In response to paragraph 51 of the Complaint, the answering defendants deny the allegations in said paragraph.

47. In response to paragraph 52 of the Complaint, the answering defendants deny the allegations in said paragraph.

48. In response to paragraph 53 of the Complaint, the answering defendants deny the allegations in said paragraph.

49. In response to paragraph 54 of the Complaint, the answering defendants lack sufficient information to respond to the allegations of this paragraph, and on this basis generally and specifically deny the allegations.

50. In response to paragraph 55 of the Complaint, the answering defendants admit that plaintiff is entitled to a jury trial.

**FOURTH CAUSE OF ACTION**
**Retaliation in Violation of 42 U.S.C. § 1983**
**(Fourth and First Amendments)**
**(Individual Defendants)**

51. In response to paragraph 56 of the Complaint, the answering defendants incorporate by reference each of their previous responses set forth in paragraphs 1 through 50 herein.

52. In response to paragraph 57, the answering defendants admit the allegations in said paragraph.

53. In response to paragraph 58, the answering defendants deny the allegations in said paragraph.

///

54. In response to paragraph 59 of the Complaint, the answering defendants deny the allegations in said paragraph.

55. In response to paragraph 60 of the Complaint, the answering defendants deny the allegations in said paragraph.

56. In response to paragraph 61 of the Complaint, the answering defendants deny the allegations in said paragraph.

57. In response to paragraph 62 of the Complaint, the answering defendants deny the allegations in said paragraph.

58. In response to paragraph 63 of the Complaint, the answering defendants deny the allegations in said paragraph.

59. In response to paragraph 64 of the Complaint, the answering defendants deny the allegations in said paragraph.

60. In response to paragraph 65 of the Complaint, the answering defendants deny the allegations in said paragraph.

61. In response to paragraph 66 of the Complaint, the answering defendants deny the allegations in said paragraph.

62. In response to paragraph 67 of the Complaint, the answering defendants deny the allegations in said paragraph.

63. In response to paragraph 68 of the Complaint, the answering defendants lack sufficient information to respond to the allegations of this paragraph, and on this basis generally and specifically deny the allegations.

64. In response to paragraph 69 of the Complaint, the answering defendants admit that plaintiff is entitled to a jury trial.

### FIFTH CAUSE OF ACTION
**Violation of the Bane Act, Civil Code § 52.1 (California State Law)**

65. In response to paragraph 70 of the Complaint, the answering defendants

incorporate by reference each of their previous responses as set forth in paragraphs 1-64 herein.

66. In response to paragraph 71 of the Complaint, and each subparagraph (a) – (b) thereof, the answering defendants deny the allegations in said paragraph.

67. In response to paragraph 72 of the Complaint, the answering defendants deny the allegations in said paragraph.

68. In response to paragraph 73 of the Complaint, the answering defendants deny the allegations in said paragraph.

69. In response to paragraph 74 of the Complaint, the answering defendants deny the allegations in said paragraph.

70. In response to paragraph 75 of the Complaint, the answering defendants deny the allegations in said paragraph.

71. In response to paragraph 76 of the Complaint, the answering defendants deny the allegations in said paragraph.

72. In response to paragraph 77 of the Complaint, the answering defendants deny the allegations in said paragraph.

73. In response to paragraph 78 of the Complaint, the answering defendants admit that plaintiff is entitled to a jury trial.

WHEREFORE, defendants pray for a judgment more specifically set forth hereinafter.

## **AFFIRMATIVE DEFENSES**

AS AND FOR A FIRST AFFIRMATIVE DEFENSE, to each purported cause of action, the answering defendants allege on information and belief that each purported cause of action fails to state facts sufficient to constitute a cause of action against these answering defendants, and each of them, and that the complaint fails to state a cause of action against any answering defendant.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that the injuries and damages plaintiff complains of, if any, resulted from the acts and/or omissions of others unassociated with the answering defendants, and without any fault on the part of these answering defendants.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that the defendants are entitled to absolute or qualified immunity from liability based on their good faith in the propriety of their actions and the reasonable grounds for those beliefs, including the fact they did not violate any clearly established law.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that plaintiff has failed to mitigate his damages.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that the individual defendants were an employee of the County of Humboldt, and that said defendants were acting, if at all, with the discretion vested in them by law, and that plaintiff is barred from recovery against said defendants by virtue of §820.2 of the California Government Code.  Likewise, the answering defendants allege on information and belief that defendant County of Humboldt is not liable therefore by virtue of the provisions of §820.2 and §815.2(b) of the California Government Code.

AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that the individual defendants were employees of the County of Humboldt, and that said defendants were acting, if at all, consistent with the immunity afforded under section 820.4 of the California Government Code, and that plaintiff is barred from recovery against said defendants by virtue of

§820.4. Likewise, the answering defendants allege on information and belief that defendant County of Humboldt is not liable therefore by virtue of the provisions of §820.4 and §815.2(b) of the California Government Code.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that the individual defendants were employees of the County of Humboldt, and that said defendants were acting, if at all, consistent with the immunity afforded under §820.6 of the California Government Code, and that plaintiff is barred from recovery against said defendants by virtue of §820.6 of the California Government Code. Likewise, the answering defendants allege on information and belief that defendant County of Humboldt is not liable therefore by virtue of the provisions of §820.6 and §815.2(b) of the California Government Code.

AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that the individual defendants were employees of the County of Humboldt that the plaintiff's injuries were caused by the act or omission of another person and are entitled to the immunity afforded under §820.8 of the California Government Code and that plaintiff is barred from recovery against said defendants by virtue of §820.8 of the California Government Code.  Likewise, defendant County of Humboldt is not liable therefore by virtue of the provisions of §820.8 and §815.2(b) of the California Government Code.

AS AND FOR A NINTH AFFIRMATIVE DEFENSE, the answering defendants alleged on information and belief that defendant County of Humboldt is not liable therefore by virtue of the provisions of §818.8 of the California Government Code.

AS AND FOR A TENTH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that the individual defendants were employees of the County of Humboldt, and that said defendants are protected from liability pursuant to §821.6 of the California Government Code. Likewise, the answering defendants alleged

1  on information and belief that defendant County of Humboldt is not liable therefore by

2  virtue of the provisions of §§821.6 and 815.2(b) of the California Government Code.

3      AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE, the answering

4  defendants allege on information and belief that the answering defendants are not liable

5  pursuant to the provisions of §820(b) and §815.2 of the California Government Code.

6      AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, the answering

7  defendants allege that defendant County of Humboldt is immune from liability pursuant

8  to the provisions of §815(a) and §815.2(b) of the California Government Code.

9      AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, the answering

10 defendants allege on information and belief that the matters alleged in the complaint

11 were exercised with reasonable diligence in the discharge of duties imposed on the

12 public entity, and defendants are therefore immune from suit pursuant to §815.6 of the

13 California Government Code.

14     AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, the answering

15 defendants allege on information and belief that the County of Humboldt and the

16 individually named defendants, their agents, servants, and representatives, did not

17 engage in any policy or practice violative of the civil rights of the plaintiff.

18     AS AND FOR AN FIFTEENTH AFFIRMATIVE DEFENSE, the answering

19 defendants allege on information and belief that this court lacks subject matter

20 jurisdiction over the matters set forth in the complaint, in that the facts are not sufficient

21 to state a cause of action for violation of Federal civil rights.

22     AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, the answering

23 defendants allege on information and belief they are immune from suit pursuant to

24 Government Code § 845.6.

25 ///

26 ///

AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief they are immune from suit, specifically regarding plaintiff's claim of false arrest, pursuant to Penal Code §847.

AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that plaintiff's claims are subject to stay or dismissal pursuant to the United States Supreme Court holding in *Heck v. Humphrey*, 512 U.S. 477 (1997), et seq., and *Yount v. City of Sacramento*, 43 Cal.4th 885, and their progeny .

AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that plaintiff's claims cannot be maintained because defendants had probable cause to arrest plaintiff.

AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that plaintiff's claims, specifically false arrest and malicious prosecution, cannot be maintained because the criminal complaint alleged against him has not been resolved in his favor.

AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that plaintiff's claims cannot be maintained because plaintiff was trespassing on private property, resisting arrest and refusing to comply with a lawful order to disperse.

AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that plaintiff's claims cannot be maintained because plaintiff was not engaged in any protected activity under the First Amendment of the United States Constitution.

AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that plaintiff's claims cannot be maintained because the defendants did not selectively enforce the law against plaintiff, despite

having probable cause to arrest plaintiff, and not against others who were similarly situated.

AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that plaintiff's claims cannot be maintained because plaintiff was in violation of proper to time, place and manner limitations/restrictions.

AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief, to the extent any state claim is advanced by plaintiff it is made outside the time frame of six (6) months prior to the submission of an administrative claim, plaintiff failed to comply with the applicable provisions of Government Code §§ 900, et seq., and 911 et seq., including, but not limited to, Government Code §§ 911.2, 945.4, 945.6 (a)(1) and (2), by failing to present a timely claim and/or failing to timely file an action after notice of rejection of a claim.

AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that plaintiff is barred from recovery of exemplary and/or punitive damages from defendant Humboldt County, or any subdivision therein or from any individual defendant named in their official capacity by virtue of the provisions of §818 of the California Government Code as well as applicable federal law.

AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that any claim for exemplary and/or punitive damages is violative of the provisions of the United States Constitution.

AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that they cannot fully anticipate all affirmative defenses that may be applicable to this action; accordingly, defendants

expressly reserve the right to assert additional defenses if and to the extent such affirmative defenses become applicable throughout the pendency of this action.

AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that defendants' acts were privileged under applicable statutes and case law.

AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that plaintiff has failed to state a claim for relief under *Monell* and associated case law.

AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that third persons or entities, other than the answering defendants, are responsible, in whole or in part, for plaintiff's injuries and damages, if any, and therefore the defendants' liability, if any, must be assessed in proportion to the liability of the other responsible parties, in that defendants cannot be liable for more than its proportionate share of plaintiff's non-economic damages, pursuant to common law and California Code of Civil Procedure section 1431.2 and related provisions.

AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that plaintiff was at fault in or about the matters referred to in the Complaint and/or failed to exercise ordinary care, caution or prudence for their own protection.  The resulting injuries and damages, if any, plaintiff sustained were proximately caused by plaintiff's carelessness, negligence, or other fault, and plaintiff's recovery, if any, must be reduced or eliminated accordingly.

AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that, pursuant to Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or

obligated to be paid for services or benefits that were provided prior to commencement of trial.

AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that this Complaint, and each cause of action set forth therein, are barred because at all times relevant, defendants acted reasonably, and in good faith and without malice based upon all relevant facts and circumstances noted by defendants as the time they acted.

AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that this Complaint, and each cause of action set forth therein, are barred in whole or in part by the doctrine of unclean hands.

AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that this Complaint, and each cause of action set forth therein, are barred by the doctrine of laches.

AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that this Complaint, and each of the causes of action alleged therein, are barred by the statute of limitations applicable to actions brought under 42 U.S.C. §1983, including, but not limited to, California Civil Code § §335.1.

AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE, the answering defendants allege on information and belief that plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling the defendants to sanctions and appropriate remedies, including without limitation attorneys' fees, against plaintiff.

AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE defendants allege on information and belief that all activities taken regarding the allegations in the complaint were undertaken for valid law enforcement and/or prosecutorial initiatives.

1  AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE, defendants allege on information and belief that the claims asserted in the complaint are barred by the doctrine of res judicata and collateral estoppel.

AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE, defendants allege on information and belief that plaintiff violated certain provisions of the California Penal Code, and that Plaintiff voluntarily assumed all risks, responsibility and liability for the injuries which were the natural and probable result of violating the California Penal Code. Further defendants are not liable in this action pursuant to California Government Code section 815.2 and Penal Code sections 835, 835a, 836 and 836.5.

AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE, defendants allege on information and belief that any act or omission on the part of the answering defendants, their agents, or employees was not the proximate cause of plaintiff's injury.

AS AND FOR A FORTY-FIFTH AFFIRMATIVE DEFENSE, defendants allege on information and belief defendants are immune from liability for an injury cause by a person resisting arrest pursuant to Government Code section 845.8(b)(3).

AS AND FOR A FORTY-SIXTH AFFIRMATIVE DEFENSE, defendants allege on information and belief that defendants, in doing the acts complained of by plaintiff, acted in self-defense and used no more force than was reasonably necessary to prevent impending injury to defendants, pursuant to Government Code section 815.2 and Civil Code section 43 and/or 50.

AS AND FOR A FORTY-SEVENTH AFFIRMATIVE DEFENSE, defendants allege on information and belief that defendants, in doing the acts complained of by plaintiff, acted in the defense of another person who was threatened with impending injury, and defendants used no more force than was reasonably necessary to prevent such injury, pursuant to Government Code section 815.2 and Civil Code section 43 and/or 50.

AS AND FOR A FORTY-EIGHTH AFFIRMATIVE DEFENSE, defendants allege on information and belief that the plaintiff's causes of action are barred because plaintiff knew or should have known that he was being detained and had a duty to refrain from resisting detention and/or arrest, pursuant to Penal Code section 834(a) and Government Code section 815.2.

AS AND FOR A FORTY-NINTH AFFIRMATIVE DEFENSE, defendants allege on information and belief that the plaintiff's state law causes of action are barred by California Government Code Section 945.3.

Each of the aforementioned state law affirmative defenses are applicable only to plaintiff's state law claims except to the extent these are expressly applicable to plaintiff's federal claims.

**PRAYER FOR RELIEF**

WHEREFORE, defendants pray that:

1. Plaintiff takes nothing by way of the Complaint filed herein;
2. Defendants have judgment entered against plaintiff;
3. Defendants be awarded costs of suit;
4. Defendants be awarded reasonable attorneys' fees pursuant to California Code of Civil Procedure sections 1021.7, 1038, 128.5 and 128.7, on the ground that the purported state claims are brought without good faith belief that the facts are applicable laws that support recovery;
5. Defendants be awarded reasonable attorneys' fees under Rule 11 and on the ground that the action is brought without good faith belief that the facts or applicable law support recovery; and

///
///
///

6. For such further relief as the Court deems proper.

DATED:  December 4, 2020                    THE MITCHELL LAW FIRM, LLP


By   */s/ Nicholas R. Kloeppel*
     Nicholas R. Kloeppel
     Attorneys for Defendants


### DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues triable to a jury.

DATED:  December 4, 2020                    THE MITCHELL LAW FIRM, LLP


By   */s/ Nicholas R. Kloeppel*
     Nicholas R. Kloeppel
     Attorneys for Defendants